## JEWETT et al. v. THE HOME INSURANCE COMPANY.

1. **Insurance :** ADDITIONAL INSURANCE: WAIVER OF CONDITIONS: ESTOPPEL. The fact that the insurers in a policy of fire insurance were notified, *after* the destruction of the property insured, that subsequent insurance, in other companies, had been obtained by the assured : and the further fact, that the company, through its agent, after such notice, appointed an appraiser to determine the value of the property not destroyed, and failed to refund to the assured the unearned premium, will not amount to a waiver of a written condition in the policy, to the effect that if additional insurance is made and not consented to by the company, writing, indorsed on the policy, then the policy shall be void, nor estop the company from relying upon a breach of this condition as a defense.

2. **Instruction :** ERROR WITHOUT PREJUDICE. The refusal or modification of an instruction, where such action could, under the fact of the case have worked no prejudice to the party complaining, constitutes no ground for reversal.

*Appeal from General Term Ninth District (Black Hawk County).*

THURSDAY, OCTOBER 6.

ON the 10th day of December, 1866, the defendant issued to Clinton K. Howe a policy of insurance, assuring

him " against loss or damage by fire, to the amount of $2,000, on his stock of hardware, cutlery, tinware, and such other articles as are usually kept in a retail hardware store, contained in his frame store situated on lot No. 4, in Mild square in the village of Waterloo, Iowa. On the morning of the 26th of January, 1867, the building, with its contents, was totally destroyed by fire. Afterward the insured, Clifton K. Howe, assigned the policy to O. Miller, who afterward assigned the same to the plaintiff.

This action was instituted in the district court of Black Hawk county to recover the loss. The petition contains the usual averments.

The answer, among other defenses, alleges that the policy sued on is void, because, contrary to its terms. Howe procured $7,000 subsequent insurance ; $2,500 in the Hartford Fire Insurance Company, $2,500 in the International Insurance Company, and $2,000 in the Phœnix Insurance Company, without the written consent of the defendant, and without having the consent of the defendant written upon the policy, as required by its terms. The trial resulted in a verdict and judgment for the defendant. Plaintiff appealed to the general term of the ninth district. BARKER and BAGG, justices thereof, having been of counsel below, a *pro forma* order of affirmance was entered. For a reversal of this order this appeal is prosecuted. The remaining facts appear in the opinion.

*Miller & Miller* and *Griffith & Knight* for the appellants.

*Shiras, Van Duzee & Henderson* and *Adams & Robinson* for the appellees.

DAY, J. — I. The first error assigned by plaintiff has reference to the action of the court in refusing to give the

Jewett v. Home Insurance Company.

**1. INSURANCE: additional insurance: waiver of conditions: estoppel.** following instruction : "If the jury find that there was subsequent insurance taken and procured by the assured, subsequent to the issuing of the policy sued on, and notice of such insurance having been given to the agent of the insurance company, and the insurance company neglected to give notice of the cancellation of the policy sued on, and did not pay the assured the *pro rata* premium unearned ; but, on the contrary, proceeded to take part in adjusting the loss which had occurred, the jury will determine whether the company waived the condition in the policy, requiring the consent of the company to such further assurance."

'The policy sued on contains the following provision : " If any other insurance has been, or shall hereafter be, made on said property, and not consented to by this company in writing hereon    *    *    *    then this policy shall be null and void." The jury returned the following special findings.    1. That defendant did not consent in writing that C. K. Howe might procure any additional insurance.    2. That Howe, after the issuing of defendant's policy, and before the happening of the fire, did obtain additional insurance upon the property covered by defendant's policy, in the Hartford, International, and Phœnix companies.

The evidence is all contained in the bill of exceptions, from which it appears that the agent of defendant had no knowledge of the insurance in the Phœnix company until the morning after the fire ; and that the only step taken by the company toward an adjustment of the loss, was the appointment, through the agent who affected the insurance, of one appraiser of the goods not destroyed. Under this state of facts, was the refusal of the court to give the instruction asked erroneous ?    We think not. In connection with the facts adduced, the legal proposition embraced in this instruction is, that, if the agent of

the Home Insurance Company, after the loss, received notice of the subsequent insurance in the Phœnix Insurance Company, and failed to pay the assured the *pro rata* premium unearned, and appointed an appraiser to determine the value of goods not destroyed, the jury might, from such facts, determine that the condition in the policy requiring the written consent of the company to further insurance was waived.

In our judgment, these facts do not warrant such inference. The principle upon which courts have held that the performance of conditions in a policy may be waived by the conduct of the company, is that of *estoppel.* *Viele* v. *Germania Insurance Co.*, 26 Iowa, 9. Where one, by his words or conduct, wilfully causes another to believe the existence of a certain state of things, *and induces* him to *act on that belief*, *so as to alter his own previous position*, the former is concluded from averring against the latter a different state of things, as existing at the same time. *Pickard* v. *Sears*, 6 Ad. & El. 469, 475. Where an insurance company has treated a policy as in force, so far as to accept payment of the premiums as they fall due, or by its declarations or conduct has induced the insured to rest securely in the belief that he is fortified against loss, thus preventing him from looking elsewhere for protection, every consideration of honesty and good faith forbids that it should disappoint the expectations it has fostered. No such state of facts exist in this case. Here the loss occurred *before* the defendant was advised of any breach of the conditions of the policy. The plaintiff was not induced to change his condition, to his prejudice, in consequence of any act of defendant. After the loss occurred, it was at the option of defendant to pay it, or to insist upon a discharge in consequence of a breach of the terms of the policy. Before making this election the defendant had a right to

appraise the goods saved, in order to ascertain the extent of the loss. This is all that appears from the evidence to have been done. By this act the company did not waive the breach of the condition in the policy. From this act the jury could not properly infer such waiver. The instruction was properly refused.

II. The second error assigned is upon the modification by the court of the following instruction asked by the plaintiff. "10. If the defendant, by its agent, expressly waived the forfeiture by reason of not having indorsed thereon consent to the subsequent insurance in the Phœnix company, then such subsequent insurance would be no bar to a recovery by the plaintiff." The court gave the instruction with the following modification: "Provided such waiver was made before the destruction of the property by fire."

*2. INSTRUCTION: error without predjudice.*

There was no evidence on the trial of any express waiver of forfeiture by the agent of the company, either after or before the loss. Hence it would not have been error, to the prejudice of plaintiff, to have refused the instruction altogether, nor did the modification of it work him any injury. It is not necessary, under the state of this record, that we should consider the effect of an express waiver, by the agent of an insurance company, after the happening of the loss, of forfeiture by reason of breach of condition in the policy.

III. The only remaining error insisted upon by the plaintiff is the giving by the court of an instruction after the jury had retired to deliberate upon their verdict.

The jury, having been out about six hours, were brought from their room by order of the court, and the following instruction was given them: "If the jury find there was in this case no evidence that notice was given to defendant, or Curtiss, the agent of defendant, of the subsequent insurance effected with the Phœnix Insurance Company,

and no knowledge by the defendant or said agent until after the destruction of the property insured, by fire, then no knowledge acquired by the agent after such destruction of the property, or act done or admitted by such agent after such destruction, waives the forfeiture, or renders the defendant liable, on the policy sued on, for the destruction of such property under the policy." We have seen in our consideration of the first instruction asked by plaintiff, that the acts done by the agent, in this case, as shown by the testimony, did not amount, in law, to a waiver of the breach of the condition in the policy. It is not necessary here for us to consider whether it was *possible* for the agent after the loss, to do any act which would constitute a waiver of the forfeiture. It is sufficient for the present inquiry to know that no such act was done.

The giving of this instruction, if error, was error without prejudice.

The judgment of the general term is

Affirmed.